## INDEMNITY INSURANCE COMPANY OF NORTH AMERICA v G & B GLASS CONSTRUCTION, INC.

### Case No. 88-100-AP

(County Court Case No. 87-21351CC05)

November 1, 1988

### APPEARANCES OF COUNSEL

**Alexander J. Williams, Jr.,** for appellant.

**Gary Bacus,** for appellee.

Before GOLDMAN, FEDER, SHAPIRO, JJ.

### OPINION OF THE COURT

SHAPIRO, Judge.

Indemnity Insurance Company of North America, appellant herein, appeals from an Amended Final Judgment entered by the trial Court in favor of G & B Glass Construction, Inc., the garnishor.

On January 27, 1988, G & B applied for garnishment after obtaining a final judgment. On February 11, 1988, G & B filed a motion for

entry of final judgment against the garnishee. A hearing notice was sent out February 25, 1988.

On February 24, 1988, appellant mailed a copy of its answer to writ of garnishment to appellee's attorney. The hearing went forward on February 25, 1988, at which time final judgment was entered against garnishee.

On March 29, 1988, INDEMNITY moved to set aside the default final judgment alleging that it was entered prematurely. The Motion was denied.

Rule 1.500(b) Fla.R.Civ.P. provides for the entry of a default when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the rules. G & B was incorrect in filing a motion for entry of final judgment on February 11, 1988 when the time for responding to its petition for writ of garnishment had not even expired.

Rule 1.080(f) provides that when any attorney certifies that he has furnished a copy of a paper or pleading, the certificate shall be taken as prima facie proof of such service and compliance with the rules. Garnishee's answer indicates it was mailed on February 24, 1988, prior to the expiration of the time allowed by law to respond. Accordingly, the default entered against garnishee was void. It should not have been entered by the Clerk or the Court.

No evidentiary hearing was conducted by the lower Court as required to determine whether or not the February 24, 1988 date was correct or an error. Without such a hearing, the Court was obligated to vacate the otherwise void default and subsequent judgment.

Based upon the foregoing analysis, the judgment and default entered against garnishee were improper. They are hereby vacated and this matter is remanded to the lower Court with instructions to proceed with the garnishment action accepting the answer filed on February 24, 1988 as garnishee's response to the motion for writ of garnishment.

Reversed and remanded with instructions.

Goldman, Feder, JJ., concur.